| | |
|---|---|
| **KAZEROUNI LAW GROUP, APC**<br>Abbas Kazerounian, Esq. (249203)<br>ak@kazlg.com<br>245 Fischer Avenue, Unit D1<br>Costa Mesa, CA 92626<br>Telephone: (800) 400-6808<br>Facsimile: (800) 520-5523 | **HYDE & SWIGART**<br>Joshua B. Swigart, Esq. (225557)<br>josh@westcoastlitigation.com<br>2221 Camino Del Rio South, Suite 101<br>San Diego, CA 92108<br>Telephone:  (619) 233-7770<br>Facsimile:   (619) 297-1022 |

*Attorneys for Plaintiffs*,
KRISTIE & JOEL SHACKELFORD

[Additional attorneys for Plaintiffs on signature page]

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **KRISTIE SHACKELFORD & JOEL SHACKELFORD, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,**<br><br>Plaintiff,<br><br>v.<br><br>**ASCENSION LAW GROUP, PC; PAMELA TSAO; CLOUD PORTFOLIO RECOVERY, INC.,**<br><br>Defendants. | Case No.:<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR DAMAGES FOR VIOLATION OF:**<br><br>(1) **THE FAIR DEBT BUYING PRACTICES ACT, CAL. CIV. CODE § 1788.50, ET SEQ.;**<br><br>(2) **THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692, ET SEQ.; AND,**<br><br>(3) **THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE § 1788, ET SEQ.**<br><br>**JURY TRIAL DEMANDED** |

///
///
///
///

**CLASS COMPLAINT FOR DAMAGES**

## INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*, to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty, and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive practices.[1]

3. Moreover, the California legislature has also found that the collection of debt purchased by debt buyers has become a significant focus of public concern due to the adequacy of documentation required to be maintained by the industry in support of collection activities and litigation. In that regard, setting specific documentation and process standards will protect consumers, provide needed clarity to courts, and establish clearer criteria for debt buyers and the collection industry.[2]

---

[1] Cal. Civ. Code §§ 1788.1 (a)-(b)
[2] Cal. Civ. Code § 1788.50 (a) – (f)

4. KRISTIE SHACKELFORD & JOEL SHACKELFORD ("Plaintiffs"), by and through Plaintiffs' attorneys, bring this class action complaint to challenge the actions of **ASCENSION LAW GROUP, PC; PAMELA TSAO; CLOUD PORTFOLIO RECOVERY, INC.** ("Defendants") with regard to attempts by Defendants, debt collectors, to unlawfully and abusively collect an alleged debt allegedly owed by Plaintiffs, and this conduct has caused Plaintiffs damages.

5. Plaintiffs make these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to Plaintiffs' counsel, which Plaintiffs allege on personal knowledge.

6. While many violations are described below with specificity, this Complaint alleges violations of the statute cited in its entirety.

7. Unless otherwise stated, all the conduct engaged in by Defendants took place in California.

8. Plaintiffs are informed and believe that any violations by Defendants were knowing, willful, and intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violation.

9. Unless otherwise indicated, the use of Defendants' names in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendants' named.

## JURISDICTION AND VENUE

10. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692(k) and 28 U.S.C. § 1367 for supplemental State claims.

11. This action arises out of Defendants' violations of (i) the Fair Debt Buying Practices Act, Cal. Civ. Code § 1788.50, et seq. ("FDBPA"); (ii) the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 ("FDCPA"); and, as it pertains to Defendant CLOUD PORTFOLIO only, the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788, et seq. ("RFDCPA").

12. Because Defendants conduct business within the State of California by maintain business operations within the State of California and utilizing the Superior Courts for the State of California to file lawsuits against alleged consumer debtors, personal jurisdiction is established.

13. Venue is proper in the United States District Court, Central District of California pursuant to 28 U.S.C. § 1391 for the following reasons: (i) Plaintiffs reside in the County of Riverside, State of California which is within this judicial district; (ii) the conduct complained of herein occurred within this judicial district; and, (iii) Defendants conducted business within this judicial district at all times relevant.

### PARTIES

14. Plaintiffs are natural persons who reside in the City of Temecula, County of Riverside, State of California, from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiffs.

15. In addition, Plaintiffs are "consumers" as that term is defined by 15 U.S.C. § 1692a(3).

16. Plaintiffs are informed and believe, and thereon allege, that Defendants PAMELA TSAO and ASCENSION LAW GROUP, PC are debt collector lawyers located at 2030 East Fourth Street, Suite 205, within the City of Santa Ana, State of California, and Defendant CLOUD PORTFOLIO RECOVERY, INC. is a debt buyer whose principal place of business is the City of Irvine, State of California, and maintains a registered agent for service of process at 9891 Irvine Center Drive, Suite 200, City of Irvine, State of California.

17. Plaintiffs are informed and believe, and thereon allege, that Defendants, in the ordinary course of business, regularly, on behalf of themselves and others, engage in "debt collection" and re therefore "debt collectors" as the terms are defined by 15 U.S.C. § 1692a(6). In addition, Defendant CLOUD

PORTFOLIO RECOVERY is also a "debt buyer" pursuant to Cal. Civ. Code § 1788.50(a)(1).

18. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a "debt" as that term is defined by 15 U.S.C. 1692a(5). Plaintiffs' alleged debt is a "charged-off consumer debt" as that term is defined by Cal. Civ. Code § 1788.50(a)(2).

## FACTUAL ALLEGATIONS

19. At all times relevant, Plaintiffs are individuals residing within the State of California.

20. Plaintiffs are informed and believe, and thereon allege, that at all times relevant, Defendants have conducted business in the State of California.

21. Sometime in the year 2010, Plaintiff KRISTIE SHACKELFORD allegedly incurred financial obligations to the original creditor (Best Buy) that were money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person and were therefore "debt(s)" and a "consumer debt" as the terms are defined by 15 U.S.C. § 1692a(6).

22. The financial obligation arose out of a line of credit issued by the original creditor (Best Buy) for Plaintiff KRISTIE SHACKELFORD to use primarily for personal and household goods.

23. Sometime thereafter, Plaintiff KRISTIE SHACKELFORD allegedly fell behind in the payments allegedly owed on the alleged debt. Plaintiff KRISTIE SHACKELFORD currently takes no position as to whether or not this alleged debt was actually owed.

24. Subsequently, Plaintiff KRISTIE SHACKELFORD's alleged debt was sold or resold to multiple debt buyers and debt sellers, and was eventually sold to Defendant CLOUD PORTFOLIO RECOVERY after January 1, 2014.

25. Thereafter, Defendant CLOUD PORTFOLIO RECOVERY hired Defendant ASCENSION LAW GROUP, PC, a third-party collection law firm, to collect from Plaintiff KRISTIE SHACKELFORD the alleged debt.

26. Upon information and belief, Defendant PAEMLA TSAO is the owner of Defendant ASCENSION LAW GROUP, PC.

27. At all times relevant to the actions described below, Defendants PAEMLA TSAO and ASCENSION LAW GROUP, PC were acting on behalf of, at the direction of, and in association with Defendant CLOUD PORTFOLIO RECOVERY INC.

28. On September 16, 2014, Defendant PAEMLA TSAO, acting on behalf of, at the direction of, and in association with Defendants ASCENSION LAW GROUP, PC and CLOUD PORTFOLIO RECOVERY, INC, filed a complaint in the Superior Court for the County of Riverside against Plaintiffs KRISITE & JOEL SHACKELFORD under case number SWC1403014.

29. Paragraph nine (9) of Defendants' Complaint against Plaintiffs alleges that Defendant CLOUD PORTFOLIO RECOVERY purchased the debt from an entity called "Blue Sky Research Group LLC and identified that entity's address as 1065 S Pinellas Ave in the City of Tarpon Springs, State of Florida.

30. However, an email dated November 26, 2014 from the Managing Partner of Blue Sky Research Group LLC at the address identified by Defendants shows that this company has absolutely nothing to do with debt buying and debt selling and has never once been involved in the buying or selling of the debt upon which Defendants have based their lawsuit against Plaintiffs.

31. Defendants' complaint against Plaintiffs alleges in paragraphs nine (9), twelve (12), and nineteen (19) all claim that the original creditor for the Best Buy credit card was HSBC BANK, N.A., but paragraph twenty (20) claims that US BANK, N.A. is the original creditor.

32. Calif. Civ. Code § 1788.58(a)(8) requires that a debt buyer's complaint against

5

a debtor include the names and addresses of all persons or entities that purchased the debt after charge off, including the plaintiff debt buyer. The names and addresses shall be in sufficient form so as to reasonably identify each such purchaser.

33. Defendants' complaint against Plaintiffs attaches as Exhibit A what appears to be a page from Plaintiff KRISTIE SHACKELFORD's consumer credit report that appears to show a derogatory credit entry due to a charge-off for a "CAP1/BSTBY" account.

34. However, the document that appears to be a page from Plaintiff KRISTIE SHACKELFORD's consumer credit report does not in any way show that Plaintiff KRISTIE SHACKELFORD voluntarily entered into a contractual agreement to be financially and legally obligated to anyone upon the account for which Defendants have based their lawsuit against Plaintiffs.

35. Moreover, no attachment to the superior court complaint provides any legal basis for holding Plaintiff JOEL SHACKELFORD liable on the alleged debt.

36. Calif. Civ. Code § 1788.58(b) requires a debt buyer under the FDBPA to attach to a debt collection complaint a copy of the signed contract or some other document provided to the debtor while the account was active, demonstrating that the debt was incurred by the debtor. A consumer credit report does not satisfy this obligation.

37. Defendants' complaint was filed in the Superior Court for the County of Riverside, but in paragraphs three (3) and four (4) of the complaint Defendants claim that both JOEL and KRISTIE SHACKELFORD reside within the County of Sacramento.

38. Through their conduct of identifying in paragraph nine (9) of their complaint against Plaintiffs that the entity from whom Defendant CLOUD PORTFOLIO RECOVERY, INC. purchased the alleged deb was Blue Sky Research Group LLC of Tarpon Springs, Florida, yet the Managing Partner of this company

represents that her company has nothing to do with debt buying and debt selling, Defendants have violated Calif. Civ. Code § 1788.58(b) of the FDBPA. Such a violation also constitutes a violation of 15 U.S.C. § 1692e and 1692e(10) of the FDCPA by using false representations and deceptive means to collect Plaintiff's alleged debt, as well as 15 U.S.C. § 1692f of the FDCPA for using unfair or unconscionable means in connection with debt collection, which are also incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; and thus, Defendants have also violated Cal. Civ. Code § 1788.17.

39. By only attaching to the superior court complaint what appears to be a consumer credit report for Plaintiff KRISTIE SHACKELFORD that appears to indicate that she had a derogatory remark thereupon for a "CAP1/BSTBY" account, and such document does not evidence either KRISTIE or JOEL's actual agreement to be obligated upon the alleged debt, Defendants have violated Calif. Civ. Code § 1788.58(b) of the FDBPA. Such a violation also constitutes a violation of 15 U.S.C. § 1692e and 1692e(10) of the FDCPA by using false representations and deceptive means to collect Plaintiff's alleged debt, as well as 15 U.S.C. § 1692f of the FDCPA for using unfair or unconscionable means in connection with debt collection, which are also incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; and thus, Defendants have also violated Cal. Civ. Code § 1788.17.

## CLASS ALLEGATIONS

40. Plaintiffs bring this action on their own behalf as individuals, and also on behalf of all others similarly situated.

41. Plaintiffs define "the Class" as: (i) all persons with addresses within the State of California; (ii) for whose alleged consumer credit accounts were the subject of debt collection activity by Defendants; (iii) that were purchased by Defendants on or after January 1, 2014; (iv) and have been the subject of lawsuits filed by Defendants; and (v) the lawsuits do not comply with Calif.

Civ. Code § 1788.58 of the FDBPA.

42. Defendant and Defendant's employees or agents are excluded from the Class.

43. Plaintiffs do not know the exact number of persons in the Class, but believe them to be in the hundreds, if not thousands, making joinder of all these actions impracticable.

44. The identity of the individual members is ascertainable through Defendant's and/or Defendant's agents' records or by public notice.

45. There is a well-defined community of interest in the questions of law and fact involved affecting the members of the Class. The questions of law and fact common to the Class predominate over questions affecting only individual class members, and include, but are not limited to, the following:

   a) Whether Defendants violated the FDBPA by failing to include information required by Calif. Civ. Code § 1788.58 in debt collection lawsuit complaints in the same or similar form as Exhibit 1, as filed against members of the Class;

   b) Whether Defendants violated the FDCPA by failing to include information required by Calif. Civ. Code § 1788.58 in debt collection lawsuit complaints in the same or similar form as Exhibit 1, as filed against members of the Class;

   c) Whether Defendant CLOUD PORTFOLIO violated the RFDCPA by failing to include information required by Calif. Civ. Code § 1788.58 in debt collection lawsuit complaints in the same or similar form as Exhibit 1, as filed against members of the Class;

   d) Whether members of the Class are entitled to the remedies under the FDBPA;

   e) Whether members of the Class are entitled to the remedies under the FDCPA;

   f) Whether members of the Class are entitled to the remedies under the

RFDCPA;

g) Whether members of the Class are entitled to an award of reasonable attorneys' fees and costs of suit pursuant to the FDBPA;

h) Whether members of the Class are entitled to an award of reasonable attorneys' fees and costs of suit pursuant to the FDCPA;

i) Whether members of the Class are entitled to an award of reasonable attorneys' fees and costs of suit pursuant to the RFDCPA;

j) Whether Defendants may satisfy Defendants' bona fide error affirmative defense pursuant to the FDCPA;

k) Whether Defendants may satisfy Defendants' bona fide error affirmative defense pursuant to the RFDCPA;

l) Whether Plaintiff will fairly and adequately protect the interest of the Class; and,

m) Whether the accounts for members of the Class were transferred to Defendant after January 1, 2014.

46. Plaintiffs have retained counsel experienced in consumer class action litigation and in handling claims involving unlawful debt collection practices.

47. Plaintiffs' claims are typical of the claims of the Class, which all arise from the same operative facts involving unlawful collection practices.

48. A class action is a superior method for the fair and efficient adjudication of this controversy.

49. Class-wide damages are essential to induce Defendants to comply with the federal and state laws alleged in the Complaint.

50. The interests of class members in individually controlling the prosecution of separate claims against Defendants is small because the maximum statutory damages in an individual action under these statutes is limited. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims, e.g., securities fraud.

9

51. Defendants have acted on grounds generally applicable to the Class, thereby making appropriate final declaratory relief with respect to the class as a whole.

52. Plaintiffs contemplate providing notice to the putative class members by direct mail in the form of a postcard and via Internet website.

## COUNT I

### VIOLATION OF THE FAIR DEBT BUYING PRACTICES ACT
### Cal. Civ. Code § 1788.50, et seq. ("FDBPA")
### [CLASS CLAIMS AGAINST ALL DEFENDANTS]

53. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

54. The foregoing acts and omissions constitute numerous and multiple violations of the FDBPA.

55. As a result of each and every violation of the FDBPA, Plaintiffs are each entitled to any actual damages pursuant to Cal. Civ. Code § 1788.62(a)(1); statutory damages in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.62(b); and, reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.62(a)(3) from each Defendant individually. In addition, Plaintiffs and the members of the class are entitled to an award of damages to the class in the amount $500,000.00 or 1 percent of the net worth of Defendants pursuant to Cal. Civ. Code § 1788.62(b).

## COUNT II

### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §§ 1692-1692(p) (FDCPA)
### [CLASS CLAIMS AGAINST ALL DEFENDANTS]

56. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

57. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA.

58. As a result of each and every violation of the FDCPA, Plaintiffs are each entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each Defendant individually. In addition, Plaintiffs and the members of the class are entitled to an award of damages to the class in the amount $500,000.00 or 1 percent of the net worth of Defendants pursuant to 15 U.S.C. § 1692(a)(2)(B).

## COUNT III

## VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §§ 1692-1692(p) (FDCPA)
## [CLASS CLAIMS AGAINST DEFENDANT CLOUD PORTFOLIO ONLY]

59. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

60. The foregoing acts and omissions constitute numerous and multiple violations of the RFDCPA.

61. As a result of each and every violation of the RFDCPA, Plaintiffs are each entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorneys fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from each Defendant individually. In addition, Plaintiffs and the members of the class are entitled to an award of damages to the class in the amount of $500,000.00 or 1 percent of the net worth of Defendant pursuant to Cal. Civ. Code § 1788.17.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs pray that judgment be entered against Defendants for:

- An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing an appropriate Class and

any Subclasses the Court deems appropriate, finding that Plaintiffs are proper Class representatives, and appointing the lawyers and law firms representing Plaintiffs as counsel for the Class;

- An award of actual damages, in an amount to be determined at trial, pursuant to Cal. Civ. Code § 1788.62(a)(1), against each named Defendant individually;
- An award of actual damages, in an amount to be determined at trial, pursuant to 15 U.S.C. § 1692k(a)(1), against each named Defendant individually;
- An award of actual damages, in an amount to be determined at trial, pursuant to Cal. Civ. Code § 1788.30(a), against Defendant CLOUD PORTFOLIO only;
- An award of statutory damages of $1,000.00, pursuant to Cal. Civ. Code § 1788.62(a)(2), against each named Defendant individually;
- An award of statutory damages of $1,000.00, pursuant to 15 U.S.C. § 1692k(a)(2)(A), against each named Defendant individually;
- An award of statutory damages of $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b), against Defendant CLOUD PORTFOLIO only;
- An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.62(a)(3), against each named Defendant individually;
- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3), against each named Defendant individually;
- An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c), against Defendant CLOUD PORTFOLIO only; and,
- Any and all other relief that this Court deems just and proper.

///

**TRIAL BY JURY**

62. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: December 19, 2014                    Respectfully submitted,

**HARTMAN LAW OFFICE, INC.**

By: ___/s/ Jared M. Hartman__
JARED M. HARTMAN, ESQ.
ATTORNEY FOR PLAINTIFF

*Additional Attorneys for Plaintiffs*

Babak Semnar, Esq. (#224890)
Semnar Law Firm, Inc.
400 S. Melrose Drive, Suite 209
Vista, CA 92081
Telephone: (951) 293-4187; Fax: (888) 819-8230

Jared M. Hartman, Esq. (#254860)
Hartman Law Office, Inc.
400 S. Melrose Drive, Suite 209
Vista, CA 92081
Telephone: (951) 234-0881; Fax: (888) 819-82